UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS RODRIGUEZ,<br>    *Plaintiff*,<br><br>        v.<br><br>CONNECTICUT RENAISSANCE,<br>    *Defendant*. | No. 3:23-cv-1090 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Luis Rodriguez has filed this complaint *pro se* and *in forma pauperis* alleging employment discrimination. But because it appears that the complaint fails to allege facts giving rise to plausible grounds for relief, the Court shall require Rodriguez to file by **August 27, 2023** an amended complaint or to file a response to this order to show cause explaining why his complaint should not be dismissed

### BACKGROUND

Rodriguez has filed a complaint for employment discrimination on a standardized federal complaint form.[1] He has checked boxes on the form to state that he is suing for discrimination under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.[2] He has also checked a box stating that he is suing because of the termination of his employment on May 9, 2022.[3] In addition, he has checked two boxes on the form for "race" and "national origin" discrimination, and he states the following without further elaboration: "My national origin Spanish language was expressed as a disability to me."[4] Lastly, in response to a query on the form for when the alleged discrimination occurred, Rodriguez has written: "4-6-2022."[5] The

---

[1] Doc. #1.
[2] *Id.* at 1–2.
[3] *Id.* at 2.
[4] *Id.* at 3.
[5] *Ibid.*

1

complaint does not otherwise allege any additional facts to support Rodriguez's claims that he was subject to discrimination.

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The Court must afford a *pro se* complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[6] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.* In the ordinary course, the Court will not dismiss a complaint without affording the plaintiff a reasonable opportunity to respond to the concerns that warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007).

It is a very basic rule that a complaint must allege facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court has explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ibid.*

Rodriguez's complaint lacks allegations of facts to support his claim that he was subject to any kind of discrimination. For example, it alleges no facts to describe what happened while Rodriguez was employed at Connecticut Renaissance that give him reason to believe that he was

---

[6] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

terminated from his job because of his race, his national origin, or a disability. Merely the fact that Rodriguez speaks Spanish is not enough by itself to plausibly suggest that the reason he was terminated was because of his race or national origin.

Nor does the complaint allege any facts to suggest that Rodriguez has a disability. Under the Americans with Disabilities Act, a person is disabled if he has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) [he is] regarded as having such an impairment." 42 U.S.C. § 12102(1). Although the complaint alleges that Rodriguez's "Spanish language was expressed as a disability to me," the ability to speak Spanish is not a disability under the Americans with Disabilities Act, and it is not plausible to conclude without more that Connecticut Renaissance would regard the ability to speak Spanish as a disability.

## CONCLUSION

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Rodriguez has grounds to file an amended complaint or to show why the complaint should not be dismissed, he may file the amended complaint or a response to this order to show cause by **August 27, 2023**. If he files an amended complaint, he should ensure that the complaint includes allegations of specific facts to show what employees at Connecticut Renaissance did or said that make it plausible to believe that he was subject to discrimination because of his race, his national origin, and/or a disability.

It is so ordered.

Dated at New Haven this 17th day of August 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge